CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 3 0 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |
|---|---|
| ARTIS BAINES, JAMES I. THOMAS, BRYAN K. JONES, | ) ) ) ) |
| Plaintiffs, | ) Case No. 7:10CV00535 ) ) |
| v. | ) MEMORANDUM OPINION ) |
| REBECCA BARLOW, ET AL., | ) By: Glen E. Conrad ) Chief United States District Judge ) |
| Defendants. | ) |

Plaintiff Artis Baines, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Baines alleges that the defendant prison officials have improperly failed to reduce his security classification under Virginia prison regulations, in violation of his constitutional rights to due process and equal protection. Plaintiffs James I. Thomas and Bryan K. Jones have filed declarations seeking to be added to Baines' action as joint plaintiffs.[1] After review of the record, the court will grant these motions for joinder, but concludes that the complaint must be summarily dismissed as to all three plaintiffs.

## Background

The complaint alleges the following sequence of events on which Baines bases his claims for relief. On January 15, 2010, the director of the Substance Abuse Therapeutic Community at

---

[1] Plaintiffs sue the following prison officials: Harold Clarke, Director of the Virginia Department of Corrections (VDOC); John Garman, VDOC Regional Director; Bryan Watson, Warden of Wallens Ridge State Prison; J. Kiser, Wallens Ridge Assistant Warden; and Rebecca W. Barlow, Counselor.

Lawrenceville Correctional Center (LVCC), forwarded Baines a copy of a memorandum notifying him that he could be enrolled in the program if he was classified a security level 3 with a minimum of 12 to 18 months left to serve on his sentence. He was told to have Counselor Barlow process his application for entry into the substance abuse program.

Barlow conducted an annual classification hearing for Baines on September 8, 2010, for review of his security/transfer status. Baines has been incarcerated for 15 years with nine and a half years left to serve, has remained infraction free for over five years, has completed several rehabilitative and educational programs, and has maintained prison employment. Although his security points warranted a reduction in his security classification level, Barlow arbitrarily refused to make this classification adjustment. Baines also alleges that Barlow violated prison regulations by failing to serve Baines with written notice of the hearing at least 48 hours in advance, which denied him an opportunity to be heard, and by failing to provide him with written notice of the reason for the fact finder's decision. When Baines filed requests and appeals to have Barlow's classification decision reviewed, the reviewing officials upheld Barlow's decison. The warden informed Baines that he is not eligible for the substance abuse program at LVCC because of his security level and the time he has left to serve.

Baines asserts that Barlow's actions violated his due process and equal protection rights, as well as his rights under Virginia prison regulations and standards. He also alleges that the defendant officials could have overridden his security level calculation to reduce it from Level 5 to Level 3, as they did for another inmate in June 2009. He states that he has exhausted his administrative remedies as to the issues raised in this lawsuit.

Inmates Jones and Thomas have submitted affidavits, stating that they too have had their procedural due process and equal protection rights violated by actions similar to those of which Baines complains. These inmates also state that they have exhausted administrative remedies. As relief, plaintiffs seek declaratory relief, an injunction directing their transfer to LVCC and enrollment in the Substance Abuse Therapeutic Program, and compensatory and punitive damages.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). After a review of the allegations, the court concludes that they fail to allege facts stating any plausible claim actionable under § 1983.

## A. Due Process

When a defendant is lawfully convicted and confined to prison, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). For example, inmates have no constitutional right to be housed in any particular prison or in a prison with less restrictive conditions. Meachum v. Fano, 427 U.S. 215, 224 (1976).

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.

Id. at 224-25. Moreover, an inmate's place of confinement is necessarily subject to the broad discretion of those parties managing the prison. Gaston, 946 F.2d at 343. Inmates also have no constitutional right to rehabilitative programs. See Bowring v. Godwin, 551 F.2d 44, 48 n. 2 (4th Cir. 1977).

Nevertheless, confinement does not strip inmates of all liberty interests, and state prison regulations may create liberty interests. Id. Such liberty "interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Courts have found that Virginia's classification scheme governing prisoners' custody, security, and good conduct earning levels does not create a liberty interest in avoiding changes in these classifications, since an inmate's status in each of these areas is subject to change, based on his own behavior and the discretion of

prison officials. Oliver v. Powell, 250 F. Supp. 2d 593, 605 (E.D. Va. 2002); Garrett v. Angelone, 940 F. Supp. 2d 933, 943 (W.D. Va. 1996). A state's failure to abide by its own procedural regulations is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990), and is, therefore, not actionable under § 1983.

Under these principles, plaintiffs' allegations fail to state any due process claim actionable under § 1983. First, inmates have no independent constitutional right to be housed in a prison of any particular security level or to participate in any rehabilitative programing, such as the substance abuse program at LVCC. Second, Virginia's security classification system does not create any federally protected liberty interest in being housed in a particular prison, in having a particular security classification, or in participating in rehabilitative programing such as the substance abuse program. As such, the defendant prison officials did not violate any constitutionally protected right by refusing the requested security classification override, by continuing to house plaintiffs in a more restrictive environment, despite their improved security scores and good behavior, or by denying plaintiffs an opportunity to participate in the LVCC program. Moreover, because such housing and classification decisions do not implicate any federally protected right, plaintiffs are not constitutionally entitled to any particular procedural protection in conjunction with the decision, such as notice within a certain time period or written reasons on which the decision was based.

Third, even if plaintiffs could prove that officials are violating state regulations by refusing to transfer them to lower level security institutions that match their appropriate security classifications under VDOC regulations, such state law violations do not support a federal constitutional claim actionable under § 1983. Therefore, the court will summarily dismiss all of

plaintiffs' § 1983 due process claims as frivolous, pursuant to § 1915A(b)(1), because they are without legal basis.

Finally, to the extent that plaintiffs may have some claim against the defendants under state law or the VDOC regulations themselves, the court declines to exercise supplemental jurisdiction over such state law claims and will dismiss them without prejudice, pursuant to 28 U.S.C. § 1367(c). Thus, all due process claims will be dismissed without prejudice.

**B. Equal Treatment**

Plaintiffs also allege that defendants' failure to override security classification scores, as they did with another inmate last year, is unconstitutional and constitutes unfair treatment. Like the other inmate, Baines has a good work history, a good adjustment record, and program involvement, but nevertheless did not receive the same override to achieve a lower security classification. The court finds no constitutional problem here.

To prove an equal protection claim, a litigant "must first demonstrate that he has been treated differently from others with whom he is similarly situated." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). Plaintiffs do not and cannot demonstrate that, in all respects relevant to a discretionary classification decision, they are similarly situated to the inmate whose security score was overridden in 2009. Many legitimate factors besides security level score play into such decisions, such as inmates' eligibility for rehabilitation programs, percentage of time served on the criminal sentence, time left to serve before release, and a host of other variables impossible for plaintiffs to match completely. The court must dismiss plaintiffs' equal protection claims, pursuant to § 1915A, as frivolous.

## Conclusion

For the stated reasons, the court concludes that the complaint must be summarily dismissed as frivolous, pursuant to § 1915A(b)(1). An appropriate order will issue this day.

The plaintiffs are advised that they may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiffs.

ENTER: This 30th day of December, 2010.

_____
Chief United States District Judge